**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ERIC M. MUATHE,

    **Plaintiff,**

    v.

WELLS FARGO BANK, N.A., et. al.,

    **Defendants.**

Case No. 18-2064-CM

**MEMORANDUM AND ORDER**

Plaintiff Eric M. Muathe brought this action pro se, claiming defendants Wells Fargo Bank, N.A., Matt R. Hubbard, Jehan K. Moore, Michael L. Abrams, and Lathrop Gage, LLP violated provisions of the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA") in connection with his application for a loan modification. On February 14, 2019, this court granted defendants' motion to dismiss. This case is now closed, and plaintiff has appealed this court's order (Doc. 23). The matter is currently before the court on plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 26 *SEALED*) on his appeal to the Tenth Circuit Court of Appeals.

Under Fed. R. App. P. 24(a)(1), a party who desires to appeal in forma pauperis must file a motion in the district court and attach an affidavit that (1) shows "the party's inability to pay or to give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." To succeed on a motion for leave to proceed in forma pauperis on appeal, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). The trial court has the authority to deny a motion to proceed in forma pauperis on appeal if the court certifies in writing that the appeal is not taken in good

-1-

faith. 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if the issues are "frivolous," meaning the "result is obvious, or the appellant's arguments of error are wholly without merit." *Mohammad v. Albuquerque Police Dep't,* No. CV 16-0764 JB/WPL, 2016 WL 9021735, at *1 (D.N.M. Dec. 16, 2016) (citing *Spearman v. Collins*, 500 F. App'x 742, 743 (10th Cir. 2012)).

Defendant's motion states "See attached affidavit." (Doc. 26 *SEALED*, at 1.) Attached to his motion is a form affidavit that plaintiff filled out by hand. He claims that he is still doing research on his issues on appeal. He listed $252 as his total monthly income, which he noted was based on "2018 AGI Schedule I (Form 1040) 2018 Attached." (Doc. 26 *SEALED*, at 4.) The entire $252 was from self-employment. He also claims to have less than $300 in cash and that he owns a vehicle that is valued at less than $1000. His estimated monthly expenses totaled $1,480. Plaintiff attached his 2018 Schedule 1 (Form 1040) "Additional Income and Adjustments to Income" form to the affidavit. On the form, plaintiff claimed $3,029 in total business income and $214 as deductible part of self-employment tax.

When plaintiff originally filed this case on February 5, 2018, he paid the court's filing fee. But plaintiff has not explained how his financial situation has changed. He gave this court no information or reason to grant his motion beyond what was included in the affidavit. And while the affidavit does suggest that defendant is financially unable to pay the filing fee, plaintiff did not include any description of his issues on appeal—stating instead he is "still doing research on this." The Rules of Appellate Procedure require that the movant "claims an entitlement to redress," and "states the issues that the party intends to present on appeal." *See* Fed. R. App. P. 24(a)(1). Without this information, the court is unable to determine whether the appeal is taken in good faith. *See Mohammad*, 2016 WL 9021735 at * 1 (denying plaintiff's motion even though he established he was unable to pay filing fees because his application did not include any issues on appeal: "[b]ecause Mohammad made no statement of issues on appeal, he has not identified any argument of error regarding the Court's dismissal of his claims. He

does not summarize the facts, restate causes of action, or make any attempt at isolating reviewable issues.").

Proceeding in forma pauperis in a civil case is a privilege that the court has wide discretion to grant or deny. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999). Based on the limited information provided in plaintiff's motion, the court is unable to conclude at this time that plaintiff is entitled to proceed in forma pauperis. Plaintiff's motion is denied, but plaintiff may refile his motion and provide more information so that the court can make its decision.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 26 *SEALED*) is denied.

Dated May 24, 2019, at Kansas City, Kansas.

                                          s/ Carlos Murguia
                                          **CARLOS MURGUIA**
                                          **United States District Judge**